UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:21-cv-80844-AHS

ANTONIO RAMOS, Individually and
On Behalf of All Others Similarly Situated,
Pursuant to 29 U.S.C. §216.

Plaintiffs,

vs.

FLORIDA DRAWBRIDGES INC., d/b/a
FDI SERVICES, ERIC OBEL &
LAURA PORTER
_____/

## FAIR LABOR STANDARDS ACT SECOND AMENDED COMPLAINT

Plaintiff ANTONIO RAMOS ("RAMOS"), on behalf of himself, individually, and all those

similarly situated, sues defendants, FLORIDA DRAWBRIDGES INC., d/b/a FDI SERVICES

("FDI"), ERIC OBEL ("OBEL"), & LAURA PORTER (PORTER) (Collectively, "FDI", "OBEL"

& "PORTER" are "Defendants"), for damages due to Defendants' violation of the Fair Labor

Standards Act (FLSA), and aver as follows:

PARTIES, JURISDICTION AND VENUE

     1.     ANTONIO RAMOS is sui juris and lives in Martin County Florida within the

SDFL.

     2.     ERIC OBEL is sui juris, and upon information and belief lives in the SDFL.

     3.     LAURA PORTER is sui juris, and upon information and belief lives in the SDFL.

     4.     FLORIDA DRAWBRIDGES INC., d/b/a FDI Services is headquartered in

Pompano Beach Florida, within the SDFL.

     5.     The employment at issue was in Palm Beach County Florida.

6. The Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) as this action arises under 29 U.S.C. § 207 and 215, the Fair Labor Standards Act ("FLSA").

7. Venue is appropriate in this district because: (1) a substantial part of the events or omissions giving rise to the claim occurred in the SDFL; and (2) one or more of the Defendants regularly conducts business in the SDFL.

## GENERAL ALLEGATIONS

8. Plaintiff, RAMOS, began working for FDI on October 29, 2019, and ended his employment in the beginning of October 2020.

9. During the time from October 29, 2019, to October 2020 (the "Collective Action Time Period") RAMOS and those similarly situated employees, current and former, worked as bridge mechanics for FDI. Specifically, RAMOS was an electrician for FDI, was not licensed as an electrician, and had no time to get licensed, due to his on-call schedule, despite his desire to do so.

10. Plaintiff brings this action as a collective action against FDI, for unpaid overtime wages, owed to Plaintiff and all other similarly situated employees, current and former, of Defendants' who worked for the Defendants, at any time during the three-year period, before the filing of this Complaint, through the present (the "FLSA Collective Members"). The FLSA Collective Members should be informed of the pendency of this action.

11. While working for FDI, the FLSA Collective Members were employees, as §209 U.S.C. 203(e) defines the term. The Collective members, and RAMOS, were W-2 employees working under the direct supervision of the Company, without the ability to set their own schedules, and were economically dependent on FDI. The Collective Members, due to their on-call schedule, while on call, did not have the ability to seek secondary employment, order a pizza

and know they will be home to receive it, eat at a restaurant and know they will still be there when the food comes out, pick up frozen/refrigerated food at the store and know it could be taken home before spoiling. The Collective Members, while on call, could not count on going to the laundromat and know that they would be there when the dry cycle was done, or go to a family event, outside of a very limited geographic area, while on call, go on a boat, or go to a movie and know they will see the whole thing.

12.     FLSA Collective Members qualify under §203(e), as they were hourly non-exempt employees, maintaining instrumentalities of interstate commerce, and doing so by handling materials which traveled through interstate commerce, such as tools, machinery, oils, lubricants, cranes, bucket trucks, parts and components related to bridge servicing and repair, cell phones, and other implements of interstate commerce, which had to be handled (used) to complete bridge maintenance for FDI, OBEL and PORTER. FDI is an enterprise with more than $500,000 in annual business.

13.     FDI is an enterprise engaged in interstate commerce, and an employer as defined by 29 U.S.C. §203(d)and (s)(1), in that it had employees handling materials used in interstate commerce, maintains instrumentalities of interstate commerce, and had more than $500,000 in annual gross business at all material times, hence its employees are subject to the FLSA, 29 U.S.C. §207.

14.     During the Collective Action Period, Defendants failed to pay Plaintiff, and the other FLSA Collective Members, for all overtime hours worked in violation of the FLSA. Specifically, the Collective Members, including RAMOS, were unable to use their time off for their own purposes, as they were on call, regularly, and during these on-call times, they were not paid overtime for the time that they were on-call. Nor could they use this time for their own benefit,

as they were restricted geographically to an area in which they could quickly respond, to the bridges they were responsible for, at unknowable times, that they may have ended up malfunctioning. When on-call, RAMOS, and those similarly situated, never knew when they would be called to work, and would have to be at a bridge within thirty minutes, keeping them tightly tied, geographically, to at least three bridges.

15.     Plaintiff, and other FLSA Collective Members, are non-exempt employees under the FLSA, in that their work was hourly, they fall under the jurisdiction of the DOL and not the DOT, and the work requires no advanced degree or expertise from years of experience, even if some have years of experience.

16.     As part of their regular business practices, Defendants have intentionally, willfully, and repetitively harmed Plaintiff and other FLSA Collective Members by engaging in a pattern, practice, and policy of violating the FLSA on a class wide basis. The acts were willful and knowledgeable because FLSA Class Members complained about the illegal pay practices of not paying for on-call time.

17.     Although the Defendants required the Plaintiff, and other FLSA Collective Members, like RAMOS, to be on call and engaged (meaning they could not use the time for themselves that they were on call), twenty-four hours per-day, seven days per week, every other week, and twenty-four hours per-day four days per week, on the two other weeks of the month. Defendants failed to pay overtime for this on call time.

18.     The FLSA Collective Members all performed similar work to Plaintiff's, for similar compensation. Plaintiffs, and other FLSA Collective Members, all worked in non-exempt positions, specifically as bridge mechanics, and were subject to the same violations of the FLSA, regarding on-call time.

19.     The on-call time was compensable because it involved hefty restrictions on the Plaintiff's time, and that of those similarly situated, including severe geographic restrictions on where they could travel. While some were only on call for three bridges, others were on call for more than three bridges, more than thirty minutes from their homes, yet had to report to said bridges within thirty minutes of being called. RAMOS, and those similarly situated, could not venture outside of a half hour's distance from multiple locations. The fixed time limit for responses was too restrictive because it required RAMOS, and those similarly situated, to always be ready to instantaneously respond while on-call. RAMOS had an unduly restrictive amount of time to report to his bridges, while on-call. RAMOS, only had thirty minutes to respond, which severely limited what he could do on call, because he would have to report to a bridge for repairs, basically, the moment he was called, leaving no time to resolve a bill at a restaurant, or politely excuse himself while guests are over, retain supplemental employment, or seek professional certifications, which RAMOS, specifically, asked for time to pursue.

20.     While on-call, RAMOS, and Collective Members, were never free to spend the time as they pleased, because they had no idea when the next emergency repair would immediately call them to work.

21.     The on-call time meant that the Plaintiff, and the FLSA Collective Members, worked more than 40 hours per week, in many weeks, without overtime compensation. Plaintiff, and other FLSA Collective Members, were on duty actively working on bridges for 40 hours per week, but they were on call 24 hours per-day, seven days per week, or four days per week, every-other week, without the ability to use the on-call time as they chose. For example, one cannot go to a movie over the weekend, if one is expected to have a thirty-minute response time to multiple bridges. Hence, each class member on duty for a week of work, and the weekend, plus on call

time, was entitled to one-hundred-twenty-eight hours of unpaid overtime per-week. Plaintiff, and other FLSA class members were on call every-other weekend, for the two weeks they were not on call during the weekends, they are owed sixty-two-hours of overtime.

22.    The FLSA Collective Members are similarly situated, to Plaintiff, as they worked the unpaid on-call time in violation of the FLSA.

23.    The FLSA Collective Members had similar job duties to Plaintiff, and each other.

24.    The specific job titles or precise job responsibilities of the other FLSA Collective Members do not prevent collective treatment.

25.    Plaintiff and other FLSA Collective Members are entitled to overtime compensation for their on-call time, which was uncompensated by the Defendants. There were severe restrictions on them geographically, temporally, and from an unduly restrictive amount of time to respond, as they only had a half hour to arrive at a malfunctioning bridge.

26.    Although the exact amount of damages may vary among the FLSA Collective Members, the damages can be easily calculated by formula. The claims of the FLSA Collective Members all arise from a common nucleus of operative facts. Liability is based on a systematic course of wrongful conduct that caused harm to all of the FLSA Collective Members.

27.    The Defendants instituted, permitted, and/or required policies and practices that resulted in Plaintiffs, and other FLSA Collective Members, being deprived of wages they were owed pursuant to the FLSA, including but not limited to overtime pay for all hours worked in excess of forty (40) in a workweek.

## CONDITIONS PRECEDENT, ATTORNEYS' FEES AND COSTS

28.    The Plaintiff has retained Lubell Rosen, LLC., to represent them in this action and is obligated to pay reasonable attorney's fees and costs for services rendered.

29.     All Conditions precedent to this action have occurred, been satisfied, or waived.

**COUNT I- VIOLATION OF THE FLSA AGAINST ALL DEFENDANTS**

30.     Plaintiff, individually, and on behalf of all of those similarly situated, realleges the allegations contained in Paragraphs 1 through 28 above as if fully set forth herein.

31.     Defendant OBEL was Plaintiff RAMOS' direct supervisor and created the on-call scheduling, which is the FLSA violation at issue. Because OBEL authored the policy, which is violative of the FLSA, he acted as an employer and the source of the FLSA violation. Hence, OBEL employed Plaintiff, and FLSA Collective Members.

32.     Defendant PORTER was Defendant OBEL's supervisor and in control of the company, hence, could have corrected the violative policies at issue, and was informed by employees, leaving the company, that the violative policy was the reason they were leaving. Defendant PORTER is also an employer, as she had the ultimate power to alter the violative policy, was aware of same, and did not act to alter same, despite the ultimate authority to. Hence, PORTER was an employer of Plaintiff and FLSA Collective Members.

33.     Defendants PORTER and OBEL, ran the day-to-day operations of the company affecting the Plaintiff, and FLSA Collective Members, also making them Employers of Plaintiff and the FLSA Collective Members.

34.     This is an action against all three Defendants for willful violations of the FLSA, including 29 U.S.C. §§206, 207 et. seq. The actions were willful, because the Defendants formed a policy of on-call time, without thoroughly investigating its legality, even after employees questioned same.

35.     From November 1, 2019, to present Plaintiff worked for the three Defendants continuously in excess of forty-hours per-week, specifically by working 128 hours per-week of

unpaid on-call overtime every other week, and 62 hours of overtime for the three Defendants, the other weeks.

36.     During the entire length of the Plaintiff's employment with Defendants, Plaintiff was not paid overtime for the hours worked in excess of forty per-week, in the form of on-call time, which Plaintiff worked, in violation of the FLSA.

37.     The FLSA Collective Members worked at various times for the Defendants, during the Collective Action Period.

38.     During the FLSA Collective Members' employment for FDI, the FLSA Collective Members were not paid for all hours worked in excess of 40 per-week, specifically for their on-call time, in violation of the FLSA's overtime requirement.

39.     Defendants' actions were willful and purposeful, as they were aware of the FLSA's requirement to pay overtime and for all hours worked, to non-exempt employees such as Plaintiff, and FLSA Collective Members.

40.     None of the exemptions provided by the FLSA regulating the duty of employers to pay employees at a time-and-a-half rate for all hours worked in excess of forty (40) in a given workweek are applicable to Defendants, nor Plaintiff and the other FLSA Collective Members.

## **PRAYER FOR RELIEF**

Plaintiff and FLSA Collective Members, Pursuant to 29 U.S.C. § 216(b), pray this Court allow recovery from Defendants of:

(a)  All unpaid overtime which is due;

(b)  Compensation at time and a half, for all hours worked for which they were not compensated;

(c)  An amount equal to the unpaid overtime owed as liquidated damages;

(d) The costs of this action; and

(e) Reasonable attorney's fees.

### **DEMAND FOR JURY TRIAL**

Plaintiff, and the FLSA Collective Members, demand a jury trial on all issues so triable.

Respectfully Submitted this 2nd Day of August 2021.

> LUBELL & ROSEN, LLC
> 200 S. Andrews Ave, Suite 900
> Fort Lauderdale, Florida 33301
> Phone: (954) 880-9500
> Fax: (954) 755-2993
> E-mail:    jhs@lubellrosen.com
>
> By: *s/Joshua H. Sheskin*
> Joshua H. Sheskin, Esquire
> Florida Bar No. 93028
> Joshua M. Bloom, Esquire
> Florida Bar No. 88559