# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:21-cv-80844-AHS

ANTONIO RAMOS, Individually and
On Behalf of All Others Similarly Situated,
Pursuant to 29 U.S.C. §216.

Plaintiffs,

vs.

FLORIDA DRAWBRIDGES INC., d/b/a
FDI SERVICES, ERIC OBEL &
LAURA PORTER

_____/

**DEFENDANTS' RESPONSE AND OBJECTIONS TO PLAINTIFFS' COUNSELS' BILLING ENTRIES**

| Date | Timekeeper | Hours Billed | Amount | Narrative | Defendants' Objection(s) |
|------|-----------|-------------|--------|-----------|--------------------------|
| 5/10/2021 | JMB | .1 | $35 | Attention to issues regarding case assignment. | This entry is unintelligibly vague. "A court may deduct hours from the time billed if it finds that the billing entries are either unacceptably vague." *Meyrowitz v. Brendel,* 2018 U.S. Dist. LEXIS 157968, at *6 (S.D. Fla. Sept. 17, 2018). Further, this entry is wholly redundant of the time billed by Mr. Sheskin on the same date. Counsel |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | has not differentiated his work or explained why duplicative efforts were needed. Courts regularly reduce attorneys' fee awards which contain unnecessarily redundant billing entries. *See, e.g., Godoy v. New River Pizza, Inc.,* 565 F. F. Supp. 2d 1345, 1348 (S.D. Fla. 2008). |
| | JHS | .1 | $40 | Attention to issues regarding case assignment. | This entry is impermissibly vague. *Meyrowitz*, 2018 U.S. Dist. LEXIS 157968, at *6. Further, this entry is wholly redundant of the time billed by Mr. Bloom on the same date. Counsel has not differentiated his work or explained why duplicative efforts were needed. Needlessly redundant efforts are not compensable. *Godoy,* 565 F. Supp. 2d at 1348. |
| 6/4/2021 | JMB | .8 | $240 | Initial review of Defendant's motion to dismiss. | Plaintiffs' counsel began drafting the response the prior day, so this duplicates prior work. Counsel has not differentiated his work or explained why duplicative efforts were needed. Needlessly redundant efforts are not compensable. *Godoy,* 565 F. Supp. 2d at 1348. |
| | JMB | .1 | $35 | Receive and review scheduling order. | This entry is impermissibly vague. *Meyrowitz*, 2018 U.S. Dist. LEXIS 157968, at *6. Further, this entry is wholly redundant of the time billed by Mr. Sheskin |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | on the same date. Counsel has not differentiated his work or explained why duplicative efforts were needed. Needlessly redundant efforts are not compensable. *Godoy,* 565 F. Supp. 2d at 1348. Use of the verb "receive" also suggests that this entry may reflect work that was clerical in nature, which is not compensable. *Oreilly v. Art of Freedom Inc.,* 2018 U.S. Dist. LEXIS 212053, at *4 (S.D. Fla. Dec. 14, 2018) ("[F]ees incurred in commission of non-legal or administrative tasks are not compensable."). |
| | JHS | .8 | $280 | Initial review of Defendant's motion to dismiss. | Plaintiffs' counsel began drafting the response the prior day, so this duplicates prior work. This is duplicative and redundant in light of Mr. Bloom's entry for the same task on the same date. Needlessly redundant efforts are not compensable. *Godoy,* 565 F. Supp. 2d at 1348. |
| | JHS | .1 | $35 | Receive and review scheduling order. | Merely clerical work (such as "receiving" a document) is not compensable, *Oreilly,* 2018 U.S. Dist. LEXIS 212053, at *4 (S.D. Fla. Dec. 14, 2018). |
| | JHS | 1 | $400 | Write memorandum on motion to dismiss for file, and for co-counsel. | |

| | | | | | |
|---|---|---|---|---|---|
| 6/7/2021 | JHS | 2.7 | $1,080 | Research for motion, want to make sure motion has as much precedent as possible. | |
| | JHS | 2.9 | $1,160 | Continue to Draft answer to MTD which will apply to this case. | |
| 6/8/2021 | JHS | .9 | $360 | Calculate, & Draft, Statement of Claim | Calculations are clerical work. |
| 6/10/2021 | JHS | 1.7 | $680 | Research more for the Ans. To the MTD because want to make this an unbeatable answer. So want to supplement what I have with more. | |
| | JHS | 2.3 | $920 | Continue to draft ans. To mtd. Do not want to submit same motion as in other case, partially because strategically it is a bad move, partly because they seem to be offering their case on a silver platter, before we start, and I want to encourage that. It also helps because they may not notice that this answer has some of the same bones as the motion in the other case, however, it is changed significantly, and there are begging to be more pages, not just more exact argument. Also have to change all tenses in the parts I am taking from old motion. However, | This entry is unintelligibly vague. It is unclear what Mr. Sheskin did, or how this entry differs from his earlier entry for continuing to draft the same response. Needlessly redundant efforts are not compensable. *Godoy, 565 F. Supp. 2d at 1348*. Further, changing the tense of verbs from an earlier motion to match that of a new one constitutes non-compensable clerical work. |

| | | | | | |
|---|---|---|---|---|---|
| | | | | this is going to be a different motion. | |
| 6/11/2021 | JHS | 1.9 | $760 | Continue to draft new arguments for answer to motion to dismiss, and look up case law to support them, while simultaneously, supplementing the cases I have already cited, with the ones I looked up yesterday. Taking my time to get this argument perfect, because this is a MTD with prejudice, so if not defeated, the case dies on this hill. Also, incorporating new arguments in a way that flows, because they are not flowing naturally, connectors are needed, and amendments to include them in the introduction and conclusion. Now it is 18 pages and the motion in the other case is 13, so I have added a lot[.] | This entry is unintelligibly vague. *Meyrowitz*, 2018 U.S. Dist. LEXIS 157968, at *6. It is unclear what Mr. Sheskin did, or how this entry differs from his earlier entry for continuing to draft the same response. Needlessly redundant efforts are not compensable. *Godoy, 565 F. Supp. 2d at 1348.* |
| 6/14/2021 | JMB | 1.9 | $665 | Review and revise our Response to Defendants' Motion to Dismiss | |
| | JMB | .3 | $105 | Meeting with JHS to discuss our Response to Defendants' Motion to Dismiss and case strategy. | Internal conferences to keep involved attorneys apprised of a case's status or current strategy are not compensable. *See, e.g., Korman v. Iglesias,* 2019 U.S. Dist. LEXIS 59185, at *10-11 (S.D. Fla. Apr. 4, 2019) (deducting from fee awards multiple |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | attorney "telephone conferences" with each other to discuss the case, or "reviewing" plans some future action); *see also In re Skanska United States Civ. Se ,* 2021 U.S. Dist. LEXIS 218507, at *40 (N.D. Fla. Oct. 1, 2021) (reducing fee award to account for multiple "redundant entries, consisting primarily of internal conferences involving 3 or more attorneys"). |
| | JHS | .3 | $120 | Meeting with JHS to discuss our Response to Defendants' Motion to Dismiss and case strategy. | Needlessly redundant efforts are not compensable. *Godoy, 565 F. Supp. 2d at 1348.* Moreover, courts routinely find that internal conferences to keep involved attorneys apprised of a case's status or current strategy are not compensable. *See Korman,* 2019 U.S. Dist. LEXIS 59185, at *10-11; *see also Skanska,* 2021 U.S. Dist. LEXIS 218507, at *40. |
| 6/22/2021 | JHS | 1.3 | $520 | Receive and review Defendants' MTD reply and retrieve and review cited cases. | |
| 7/12/2021 | JHS | .7 | $280 | Review Order on Defendants' Motion to Dismiss | It is unclear how, if at all, Mr. Sheskin's efforts differed from Mr. Bloom's identical entry, or why the work of two (2) attorneys was needed. Needlessly redundant efforts are not compensable. *Godoy, 565 F. Supp. 2d at 1348.* |

6

| | | | | | |
|---|---|---|---|---|---|
| | JHS | .3 | $120 | Discuss Order on Defendants' Motion to Dismiss with JMB and amendment to Complaint. | It is unclear how, if at all, Mr. Sheskin's efforts differed from Mr. Bloom's identical entry, or why the work of two (2) attorneys was needed. Needlessly redundant efforts are not compensable. *Godoy, 565 F. Supp. 2d at 1348.* |
| | JMB | .7 | $245 | Review Order on Defendants' Motion to Dismiss | It is unclear how, if at all, Mr. Bloom's efforts differed from Mr. Sheskin's identical entry, or why the work of two (2) attorneys was needed. Needlessly redundant efforts are not compensable. *Godoy, 565 F. Supp. 2d at 1348.* |
| | JMB | .3 | $105 | Discuss Order on Defendants' Motion to Dismiss with JMB and amendment to Complaint. | Internal conferences to keep involved attorneys apprised of a case's status or current strategy are not compensable. *See Korman,* 2019 U.S. Dist. LEXIS 59185, at *10-11; *see also Skanska,* 2021 U.S. Dist. LEXIS 218507, at *40. |
| 7/13/2021 | JHS | .1 | $40 | Correspondence with opposing counsel regarding conference call for scheduling. | "[F]ees incurred in commission of non-legal or administrative tasks are not compensable." *Oreilly,* 2018 U.S. Dist. LEXIS 212053, at *4. |
| | JHS | .1 | $40 | Discuss scheduling and proposed conference call with JMB. | This entry is impermissibly vague. *Meyrowitz,* 2018 U.S. Dist. LEXIS 157968, at *6. It is unclear how, if at all, Mr. Sheskin's efforts differed from Mr. Bloom's identical entry, or why the work of two (2) attorneys was needed. |

7

| | | | | | Needlessly redundant efforts are not compensable. *Godoy, 565 F. Supp. 2d at 1348.* Moreover, informal internal conferences are generally not compensable, particularly where needed only to keep all attorneys apprised of the case's progress. *See, e.g., Korman,* 2019 U.S. Dist. LEXIS 59185, at *10-11; *see also Skanska,* 2021 U.S. Dist. LEXIS 218507, at *40. "[F]ees incurred in commission of non-legal or administrative tasks are not compensable." *Oreilly,* 2018 U.S. Dist. LEXIS 212053, at *4. |
|---|---|---|---|---|---|
| | JMB | .1 | $35 | Discuss scheduling and proposed conference call with JHS. | This entry is impermissibly vague. *Meyrowitz,* 2018 U.S. Dist. LEXIS 157968, at *6. It is unclear how, if at all, Mr. Bloom's efforts differed from Mr. Sheskin's identical entry, or why the work of two (2) attorneys was needed. Needlessly redundant efforts are not compensable. *Godoy, 565 F. Supp. 2d at 1348.* Moreover, informal internal conferences are generally not compensable, particularly where needed only to keep all attorneys apprised of the case's progress. *See, e.g., Korman,* 2019 U.S. Dist. LEXIS 59185, at *10-11; *see also Skanska,* 2021 U.S. Dist. LEXIS 218507, at *40. "[F]ees incurred in commission of non-legal or administrative |

| | | | | | tasks are not compensable." *Oreilly*, 2018 U.S. Dist. LEXIS 212053, at *4. |
|---|---|---|---|---|---|
| 7/24/2021 | JHS | 1.9 | $760 | Amend complaint, although not to [sic] happy with it. Amend with the knowledge that they will try to dismiss again, because they told me that, so my amendment has to be more than just the section on OT, but on the whole thing to make it work better. Going to give it one more try and then over to JMB for a final edit. | This entry is impermissibly vague. *Meyrowitz*, 2018 U.S. Dist. LEXIS 157968, at *6. It is unclear how, if at all, Mr. Sheskin's efforts differed from his numerous other entries related to the preparation of an amended complaint. Needlessly redundant efforts are not compensable. *Godoy, 565 F. Supp. 2d at 1348.* |
| 7/26/2021 | JHS | .2 | $80 | Receive and review scheduling order from Judge Matthewman. | It is unclear how, if at all, Mr. Bloom's efforts differed from Mr. Sheskin's identical entry, or why the work of two (2) attorneys was needed. Needlessly redundant efforts are not compensable. *Godoy, 565 F. Supp. 2d at 1348.* Moreover, merely clerical work (such as "receiving" a document) is not compensable, *Oreilly,* 2018 U.S. Dist. LEXIS 212053, at *4 (S.D. Fla. Dec. 14, 2018). |
| | JMB | .1 | $35 | Receive and review scheduling order from Judge Matthewman. | It is unclear how, if at all, Mr. Sheskin's efforts differed from Mr. Bloom's identical entry, or why the work of two (2) attorneys was needed. Needlessly redundant efforts are not compensable. *Godoy, 565 F. Supp. 2d at 1348.* Moreover, merely clerical |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | work (such as "receiving" a document) is not compensable, *Oreilly*, 2018 U.S. Dist. LEXIS 212053, at *4 (S.D. Fla. Dec. 14, 2018). |
| 7/31/2021 | JHS | .8 | $320 | Amend the complaint one final time, before sending it to JMB for final edit. | |
| 8/2/2021 | JMB | .6 | $210 | Review and revise our Amended Complaint prepared by JHS. | |
| 8/16/2021 | JHS | 4.5 | $1,800 | Begin to Draft Ans. to second motion to dismiss. | |
| 8/19/2021 | JHS | 3.9 | $1,560 | Finish Drafting Ans. to second motion to dismiss. | |
| 8/20/2021 | JHS | 2.1 | $840 | Edit revise argument and change to ten pages from 7 pages Ans. To Second MTD | |
| | JMB | 1.2 | $420 | Review and revise draft response to Defendants' motion to dismiss. | |
| 9/21/2021 | JHS | .2 | $80 | Receive and revise Order Denying Defendants' Motion to Dismiss. | This entry is impermissibly vague. *Meyrowitz*, 2018 U.S. Dist. LEXIS 157968, at *6. Further, this entry is wholly redundant of the time billed by Mr. Bloom on the same date. Counsel has not differentiated his work or explained why duplicative efforts were needed. |

| | | | | | Needlessly redundant efforts are not compensable. *Godoy, 565 F. Supp. 2d at 1348*. Moreover, merely clerical work (such as "receiving" a document) is not compensable, *Oreilly,* 2018 U.S. Dist. LEXIS 212053, at *4 (S.D. Fla. Dec. 14, 2018). |
|---|---|---|---|---|---|
| | | .2 | $70 | Receive and revise Order Denying Defendants' Motion to Dismiss. | This entry is impermissibly vague. *Meyrowitz,* 2018 U.S. Dist. LEXIS 157968, at *6. Further, this entry is wholly redundant of the time billed by Mr. Sheskin on the same date. Counsel has not differentiated his work or explained why duplicative efforts were needed. Needlessly redundant efforts are not compensable. *Godoy, 565 F. Supp. 2d at 1348*. Moreover, merely clerical work (such as "receiving" a document) is not compensable, *Oreilly,* 2018 U.S. Dist. LEXIS 212053, at *4 (S.D. Fla. Dec. 14, 2018). |
| 9/27/2021 | JHS | .5 | $200 | Go over discovery requests with George, he will be handling filling them out with preliminary information. Show him where to put objections, explain what objection I want, and agree to clean it up after he does his thing and retypes everything and puts them in. Also | This entry is impermissibly vague and appears to constitute impermissible block billing. *Moussa,* 2022 U.S. Dist. LEXIS 40789, at *10. Moreover, courts routinely find that internal conferences to keep involved attorneys apprised of a case's status or current strategy are not compensable. *See Korman,* 2019 U.S. Dist. |

| | | | | | |
|---|---|---|---|---|---|
| | | | | discuss at length what to object to, and who will have answers for what, based on the fact that not all requests, pretty much four of them, do not apply to everyone. | LEXIS 59185, at *10-11; *see also Skanska,* 2021 U.S. Dist. LEXIS 218507, at *40. |
| 10/12/2021 | JMB | .3 | $105 | Meeting with JHS to discuss discovery responses and case strategy. | This entry is impermissibly vague. *Meyrowitz,* 2018 U.S. Dist. LEXIS 157968, at *6. Further, needlessly redundant efforts are not compensable. *Godoy, 565 F. Supp. 2d at 1348.* Moreover, courts routinely find that internal conferences to keep involved attorneys apprised of a case's status or current strategy are not compensable. *See Korman,* 2019 U.S. Dist. LEXIS 59185, at *10-11; *see also Skanska,* 2021 U.S. Dist. LEXIS 218507, at *40. Moreover, this entry is inconsistent with the .5 Mr. Sheskin entered as NO CHARGE for the same meeting. |
| 10/16/2021 | JHS | 1.7 | $680 | Start to draft RFP, RFA and Rogs together so that they match and support each other. | |
| 10/20/2021 | GED | .6 | $105 | Organized client documents produced in response to Defendant's request for production in preparation for organization and responses. | Organizing documents is not compensable legal work, but clerical in nature. Further, this entry appears redundant and duplicative of Mr. Dahdal's numerous entries related to preparing discovery |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | production. Needlessly redundant efforts are not compensable. *Godoy, 565 F. Supp. 2d at 1348.* |
| | GED | .3 | $52.50 | Analyzed discovery status for all clients in this case with JHS to determine strategy for the coming deadlines. | This entry is impermissibly vague. *Meyrowitz,* 2018 U.S. Dist. LEXIS 157968, at *6. Moreover, merely clerical work (such as scheduling) is not compensable, *Oreilly,* 2018 U.S. Dist. LEXIS 212053, at *4 (S.D. Fla. Dec. 14, 2018). |
| | JHS | .3 | $120 | Analyzed discovery status for all clients in this case with JHS to determine strategy for the coming deadlines. | This entry is impermissibly vague. *Meyrowitz,* 2018 U.S. Dist. LEXIS 157968, at *6. Moreover, merely clerical work (such as scheduling) is not compensable, *Oreilly,* 2018 U.S. Dist. LEXIS 212053, at *4 (S.D. Fla. Dec. 14, 2018). Further, this entry is wholly redundant of the time billed by Mr. Dahdal on the same date. Counsel has not differentiated his work or explained why duplicative efforts were needed. Needlessly redundant efforts are not compensable. *Godoy, 565 F. Supp. 2d at 1348.* |
| 10/21/2021 | GED | .6 | $105 | Reviewed bank statements of Antonio Ramos to ensure consistency with Answers to Interrogatories. | |

| | | | | | |
|---|---|---|---|---|---|
| 10/28/2021 | GED | 2.5 | $437.50 | Organized entire bank statements pursuant to the work schedule provided by client from October 2019- October 2020 redacting portions made while off duty. | Clerical work, such as organizing documents, is not compensable. |
| 11/3/2021 | JHS | 4.3 | $1,720 | Go line by line through Antonio ramos's bank statements to make sure we are not turning over anything I have not seen. | This entry is impermissibly vague. *Meyrowitz,* 2018 U.S. Dist. LEXIS 157968, at *6. Further, this entry appears redundant and duplicative of Mr. Dahdal and Mr. Sheskin's numerous entries related to the same task. Needlessly redundant efforts are not compensable. *Godoy, 565 F. Supp. 2d at 1348.* |
| | JHS | 1.1 | $440 | Edit the objections that George put to the RFP we are putting together for Ramos. Check with George on some specific issues to see if we could avoid objections based on having the information, or there being none, while I edited I called him repeat idly. | This entry is impermissibly vague. *Meyrowitz,* 2018 U.S. Dist. LEXIS 157968, at *6. Moreover, courts routinely find that internal conferences to keep involved attorneys apprised of a case's status or current strategy are not compensable. |
| 11/4/2021 | GED | 1.7 | $297.50 | Completed request for production packet to defendant with bates stamps and organized according to responses for client Ramos. | Clerical work, such as organizing and bates stamping documents, is not compensable. *Oreilly,* 2018 U.S. Dist. LEXIS 212053, at *4. |
| 11/8/2021 | GED | .8 | $140 | Finalized responses to request for production to ensure proper | This entry is impermissibly vague. *Meyrowitz,* 2018 U.S. Dist. LEXIS 157968, at *6. Further, this entry appears |

| | | | | formatting and grammar ready for filing. | redundant and duplicative of Mr. Dahdal's numerous entries related to the same task. Needlessly redundant efforts are not compensable. *Godoy, 565 F. Supp. 2d at 1348*. Nor are clerical tasks. *Oreilly*, 2018 U.S. Dist. LEXIS 212053, at *4. |
|---|---|---|---|---|---|
| 11/17/2021 | JMB | .1 | $35 | Receive and review conferral email from opposing counsel. | This entry is impermissibly vague. *Meyrowitz*, 2018 U.S. Dist. LEXIS 157968, at *6. It is unclear how, if at all, Mr. Bloom's efforts differed from Mr. Sheskin and Mr. Dahdal's identical entries, or why the work of three (3) attorneys was needed. Needlessly redundant efforts are not compensable. *Godoy, 565 F. Supp. 2d at 1348*. Moreover, merely clerical work (such as "receiving" a document) is not compensable, *Oreilly,* 2018 U.S. Dist. LEXIS 212053, at *4 (S.D. Fla. Dec. 14, 2018). |
| | JHS | .1 | $40 | Receive and review conferral email from opposing counsel. | This entry is impermissibly vague. *Meyrowitz*, 2018 U.S. Dist. LEXIS 157968, at *6. It is unclear how, if at all, Mr. Sheskin's efforts differed from Mr. Bloom and Mr. Dahdal's identical entries, or why the work of three (3) attorneys was needed. Needlessly redundant efforts are not compensable. *Godoy, 565 F. Supp. 2d at 1348*. Moreover, merely clerical work (such as "receiving" a document) is not |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | compensable, *Oreilly*, 2018 U.S. Dist. LEXIS 212053, at *4 (S.D. Fla. Dec. 14, 2018). |
| | GED | .1 | $17.50 | Receive and review conferral email from opposing counsel. | This entry is impermissibly vague. *Meyrowitz*, 2018 U.S. Dist. LEXIS 157968, at *6. It is unclear how, if at all, Mr. Dahdal's efforts differed from Mr. Sheskin and Mr. Bloom's identical entries, or why the work of three (3) attorneys was needed. Needlessly redundant efforts are not compensable. *Godoy, 565 F. Supp. 2d at 1348*. Moreover, merely clerical work (such as "receiving" a document) is not compensable, *Oreilly*, 2018 U.S. Dist. LEXIS 212053, at *4 (S.D. Fla. Dec. 14, 2018). |
| 11/18/2021 | JMB | .2 | $70 | Discuss response to conferral email to our discovery responses with JHS. | This entry is impermissibly vague. *Meyrowitz*, 2018 U.S. Dist. LEXIS 157968, at *6. It is unclear how, if at all, Mr. Bloom's efforts differed from Mr. Sheskin's identical entry, or why the work of two (2) attorneys was needed. Needlessly redundant efforts are not compensable. *Godoy, 565 F. Supp. 2d at 1348*. Moreover, courts routinely find that internal conferences to keep involved attorneys apprised of a case's status or current strategy are not compensable. *See Korman*, 2019 U.S. Dist. LEXIS 59185, at |

| | | | | | *10-11; *see also Skanska,* 2021 U.S. Dist. LEXIS 218507, at *40. |
|---|---|---|---|---|---|
| | JHS | .2 | $80 | Discuss response to conferral email to our discovery responses with JMB. | This entry is impermissibly vague. *Meyrowitz,* 2018 U.S. Dist. LEXIS 157968, at *6. It is unclear how, if at all, Mr. Sheskin's efforts differed from Mr. Bloom's identical entry, or why the work of two (2) attorneys was needed. Needlessly redundant efforts are not compensable. *Godoy, 565 F. Supp. 2d at 1348.* Moreover, courts routinely find that internal conferences to keep involved attorneys apprised of a case's status or current strategy are not compensable. *See Korman,* 2019 U.S. Dist. LEXIS 59185, at *10-11; *see also Skanska,* 2021 U.S. Dist. LEXIS 218507, at *40. |
| | JHS | .3 | $120 | Discuss answer to the conferral on discovery with George. Overall they have a weak discovery conferral, in that they do not have much cause for what they were asking for. | This entry is impermissibly vague. *Meyrowitz,* 2018 U.S. Dist. LEXIS 157968, at *6. It is unclear how, if at all, Mr. Sheskin's efforts differed from Mr. Dahdal's identical entry, or why the work of two (2) attorneys was needed. Needlessly redundant efforts are not compensable. *Godoy, 565 F. Supp. 2d at 1348.* Moreover, courts routinely find that internal conferences to keep involved attorneys apprised of a case's status or current strategy are not compensable. *See* |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | *Korman,* 2019 U.S. Dist. LEXIS 59185, at *10-11; *see also Skanska,* 2021 U.S. Dist. LEXIS 218507, at *40. |
| | GED | .3 | $52.50 | Discuss answer to the conferral on discovery with JHS. Overall they have a weak discovery conferral, in that they do not have much cause for what they were asking for. | This entry is impermissibly vague. *Meyrowitz,* 2018 U.S. Dist. LEXIS 157968, at *6. It is unclear how, if at all, Mr. Dahdal's efforts differed from Mr. Sheskin's identical entry, or why the work of two (2) attorneys was needed. Needlessly redundant efforts are not compensable. *Godoy, 565 F. Supp. 2d at 1348.* Moreover, courts routinely find that internal conferences to keep involved attorneys apprised of a case's status or current strategy are not compensable. *See Korman,* 2019 U.S. Dist. LEXIS 59185, at *10-11; *see also Skanska,* 2021 U.S. Dist. LEXIS 218507, at *40. |
| 11/29/2021 | JHS | .5 | $200 | Meeting with George About Discovery Conferral, Motion and Order, plan strategy to move ahead | Internal conferences to keep involved attorneys apprised of a case's status or current strategy are not compensable. *See Korman,* 2019 U.S. Dist. LEXIS 59185, at *10-11; *see also Skanska,* 2021 U.S. Dist. LEXIS 218507, at *40. |
| | JHS | 1.2 | $480 | Call Antonio Ramos to Get him to answer follow up email on what we need to produce some things that were conferred. | A call lasting over an hour to remind a client to provide requested documents is excessive. Excessive, inflated or padded |

| | | | | | billing is not permissible. *See, e.g., Godoy, 565 F. Supp. 2d at 1348.* |
|---|---|---|---|---|---|
| | GED | 1.6 | $280 | Begin case analysis regarding response to Defendant's Motion to Compel Discovery to apply into the response to motion. Found relevant case law and analyzed each case. | It is unclear how, if at all, Mr. Dahdal's efforts differed from his numerous other entries related to research to support the subject response. Needlessly redundant efforts are not compensable. *Godoy, 565 F. Supp. 2d at 1348.* |
| 11/30/2021 | GED | .8 | $140 | Draft case analysis memorandum to use for Plaintiff's Response to Defendant's Motion to Compel Discovery. | It is unclear how, if at all, Mr. Dahdal's efforts differed from his numerous other entries related to research to support the subject response. Needlessly redundant efforts are not compensable. *Godoy, 565 F. Supp. 2d at 1348.* |
| | JHS | .4 | $160 | Meeting with JMB, my co-counsel, about the discovery situation, he was out sick yesterday. First thing discussed was input from other colleagues who were here yesterday and bothered to opine. Talk about strategy moving forward, as far as what we will give up, then talk about strategy for motion in response, with maximum effectiveness because we will focus on how impractical the Defendant's request is. | Internal conferences to keep involved attorneys apprised of a case's status or current strategy are not compensable. *See Korman,* 2019 U.S. Dist. LEXIS 59185, at *10-11; *see also Skanska,* 2021 U.S. Dist. LEXIS 218507, at *40. |

19

| | | | | | |
|---|---|---|---|---|---|
| 12/1/2021 | JHS | 2.5 | $1000 | Mostly rewrite the answer to the motion to compel discovery. It was good, but it needs to fit better onto five pages, and make its points in a different order, with solid structure. Then put it together again to get it to flow. Send to George for editing | |
| | JHS | .7 | $280 | Meeting with GED regarding strategy and arguments, as well as review, of Defendant's motion to compel, the court's order, and the upcoming conferral meeting. | Internal conferences to keep involved attorneys apprised of a case's status or current strategy are not compensable. *See Korman,* 2019 U.S. Dist. LEXIS 59185, at *10-11; *see also Skanska,* 2021 U.S. Dist. LEXIS 218507, at *40. |
| 12/7/2021 | GED | .2 | $35 | Draft completion of notice of appearance | "[F]ees incurred in commission of non-legal or administrative tasks are not compensable." *Oreilly,* 2018 U.S. Dist. LEXIS 212053, at *4. |
| 12/9/2021 | JHS | 4.2 | $1,680 | Preparation for hearing tomorrow | Time billed was excessive. This entry is impermissibly vague. *Meyrowitz,* 2018 U.S. Dist. LEXIS 157968, at *6. It is unclear how Mr. Sheskin's efforts differed from those of Mr. Bloom, or his subsequent .6 entry for preparation with Mr. Bloom. Needlessly redundant efforts are not compensable. *Godoy,* 565 F. Supp. 2d at 1348. |

| | | | | | |
|---|---|---|---|---|---|
| | JHS | .6 | $240 | Preparation for discovery hearing with JMB. | It is unclear how Mr. Sheskin's efforts differed from those of Mr. Bloom, or his other entry for preparation for this hearing. Needlessly redundant efforts are not compensable. *Godoy, 565 F. Supp. 2d at 1348.* |
| | JMB | .6 | $210 | Preparation for discovery hearing with JMB. | This entry is impermissibly vague. Meyrowitz, 2018 U.S. Dist. LEXIS 157968, at *6. It is unclear how Mr. Bloom's efforts differed from those of Mr. Sheskin or why the contribution of two (2) attorneys was needed. Needlessly redundant efforts are not compensable. *Godoy, 565 F. Supp. 2d at 1348.* |
| 12/14/2021 | JHS | .6 | $240 | Meeting with JMB to discuss case strategy. | It is unclear how Mr. Sheskin's efforts differed, if at all, from the same identical entry submitted by Mr. Bloom on the same date or why the contribution of two (2) attorneys was needed. Needlessly redundant efforts are not compensable. *Godoy, 565 F. Supp. 2d at 1348.* Moreover, courts routinely find that internal conferences to keep involved attorneys apprised of a case's status or current strategy are not compensable. *See Korman,* 2019 U.S. Dist. LEXIS 59185, at *10-11; *see also Skanska,* 2021 U.S. Dist. LEXIS 218507, at *40. |

| | | | | Meeting with JMB to discuss call with opposing counsel. | It is unclear how Mr. Sheskin's efforts differed, if at all, from the same identical entry submitted by Mr. Bloom on the same date or why the contribution of two (2) attorneys was needed. Needlessly redundant efforts are not compensable. *Godoy, 565 F. Supp. 2d at 1348*. Moreover, courts routinely find that internal conferences to keep involved attorneys apprised of a case's status or current strategy are not compensable. *See Korman*, 2019 U.S. Dist. LEXIS 59185, at *10-11; *see also Skanska*, 2021 U.S. Dist. LEXIS 218507, at *40. |
|---|---|---|---|---|---|
| | JHS | .2 | $80 | | |
| | JMB | .6 | $210 | Meeting with JHS to discuss case strategy. | It is unclear how Mr. Bloom's efforts differed, if at all, from the same identical entry submitted by Mr. Sheskin on the same date or why the contribution of two (2) attorneys was needed. Needlessly redundant efforts are not compensable. *Godoy, 565 F. Supp. 2d at 1348*. Moreover, courts routinely find that internal conferences to keep involved attorneys apprised of a case's status or current strategy are not compensable. *See Korman*, 2019 U.S. Dist. LEXIS 59185, at *10-11; *see also Skanska*, 2021 U.S. Dist. LEXIS 218507, at *40. |

| | | | | | |
|---|---|---|---|---|---|
| | JMB | .2 | $70 | Meeting with JHS to discuss call with opposing counsel. | It is unclear how Mr. Bloom's efforts differed, if at all, from the same identical entry submitted by Mr. Sheskin on the same date or why the contribution of two (2) attorneys was needed. Needlessly redundant efforts are not compensable. *Godoy, 565 F. Supp. 2d at 1348.* Moreover, courts routinely find that internal conferences to keep involved attorneys apprised of a case's status or current strategy are not compensable. *See Korman,* 2019 U.S. Dist. LEXIS 59185, at *10-11; *see also Skanska,* 2021 U.S. Dist. LEXIS 218507, at *40. |
| 12/15/2021 | JHS | .2 | $80 | Attention to correspondence with outside counsel regarding new claim for retaliation. | This entry is impermissibly vague. Meyrowitz, 2018 U.S. Dist. LEXIS 157968, at *6. It is unclear how Mr. Sheskin's efforts differed, if at all, from the same identical entry submitted by Mr. Bloom on the same date or why the attention of two (2) attorneys was needed. Needlessly redundant efforts are not compensable. *Godoy, 565 F. Supp. 2d at 1348.* Further, the entry lacks sufficient detail to establish whether the work performance was merely non-compensable, clerical tasks. *Oreilly,* 2018 U.S. Dist. LEXIS 212053, at *4. |

| | JHS | .6 | $240 | Meeting with JMB to discuss retaliation claim, our evidence of same, rule 34 inspection, and strategy for pleading. | This entry is impermissibly vague. Meyrowitz, 2018 U.S. Dist. LEXIS 157968, at *6. It is unclear how Mr. Sheskin's efforts differed, if at all, from the same identical entry submitted by Mr. Bloom on the same date or why the contribution of two (2) attorneys was needed. Needlessly redundant efforts are not compensable. *Godoy.*, 565 F. Supp. 2d at 1348. Moreover, courts routinely find that internal conferences to keep involved attorneys apprised of a case's status or current strategy are not compensable. *See Korman,* 2019 U.S. Dist. LEXIS 59185, at *10-11; *see also Skanska,* 2021 U.S. Dist. LEXIS 218507, at *40. Further, this entry is wholly duplicative of that submitted on the same date in the Richardson matter. Padding or inflating time entries is prohibited. *See Godoy.*, 565 F. Supp. 2d at 1348. |
| | JMB | .2 | $70 | Attention to correspondence with outside counsel regarding new claim for retaliation. | This entry is impermissibly vague. Meyrowitz, 2018 U.S. Dist. LEXIS 157968, at *6. It is unclear how Mr. Bloom's efforts differed, if at all, from the same identical entry submitted by Mr. Sheskin on the same date or why the attention of two (2) attorneys was needed.. Needlessly redundant efforts are not compensable. *Godoy, 565 F. Supp. 2d at* |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | *1348*. Further, the entry lacks sufficient detail to establish whether the work performance was merely non-compensable, clerical tasks. *Oreilly*, 018 U.S. Dist. LEXIS 212053, at *4. |
| | JMB | .6 | $210 | Meeting with JMB to discuss retaliation claim, our evidence of same, rule 34 inspection, and strategy for pleading. | This entry is impermissibly vague. *Meyrowitz*, 2018 U.S. Dist. LEXIS 157968, at *6 .It is unclear how Mr. Bloom's efforts differed, if at all, from the same identical entry submitted by Mr. Sheskin on the same date or why the contribution of two (2) attorneys was needed. Needlessly redundant efforts are not compensable. *Godoy, 565 F. Supp. 2d at 1348.* Moreover, courts routinely find that internal conferences to keep involved attorneys apprised of a case's status or current strategy are not compensable. *See Korman,* 2019 U.S. Dist. LEXIS 59185, at *10-11; *see also Skanska,* 2021 U.S. Dist. LEXIS 218507, at *40. urther, this entry is wholly duplicative of that submitted on the same date in the Richardson matter. Padding or inflating time entries is prohibited. *See Godoy.*, 565 F. Supp. 2d at 1348. |

| 12/20/2021 | GED | .3 | $52.50 | Revised outgoing email to opposing counsel regarding amended complaint. | This entry is impermissibly vague. *Meyrowitz*, 2018 U.S. Dist. LEXIS 157968, at *6. Needlessly redundant efforts are not compensable. *Godoy, 565 F. Supp. 2d at 1348*. More importantly, the entry lacks sufficient detail to establish whether the work performance was merely non-compensable, clerical tasks. *Oreilly*, 018 U.S. Dist. LEXIS 212053, at *4. |
|---|---|---|---|---|---|
| 12/28/2021 | JHS | .1 | $40 | Correspondence with opposing counsel regarding his request for extension of time. | It is unclear how Mr. Sheskin's efforts differed, if at all, from the same identical entry submitted by Mr. Bloom on the same date or why the contribution of three (3) attorneys was needed. Needlessly redundant efforts are not compensable. *Godoy, 565 F. Supp. 2d at 1348.* |
| | JMB | .1 | $35 | Attention to correspondence with opposing counsel regarding his request for extension of time. | It is unclear how Mr. Bloom's efforts differed, if at all, from the same identical entry submitted by Mr. Sheskin on the same date or why the contribution of three (3) attorneys was needed. Needlessly redundant efforts are not compensable. *Godoy, 565 F. Supp. 2d at 1348.* |

| | | | | | |
|---|---|---|---|---|---|
| | GED | .1 | $17.50 | Receive and review emails with opposing counsel regarding his request for extension of time. | It is unclear how Mr. Dahdal's efforts differed, if at all, from the same identical entry submitted by Mr. Bloom and Mr. Sheskin on the same date or why the contribution of three (3) attorneys was needed. Needlessly redundant efforts are not compensable. *Godoy,* 565 F. Supp. 2d at 1348. |
| 1/7/2022 | JHS | 2.9 | $1,160 | First read through of produced materials 700 plus pages, just a read through, and taking of notes as to what we have, and what we do not have, not yet critically analyzing and color coding, and taking notes on substance. This is to check what we need to compel. | A "read through" should not take 2.9 hours. This entry is impermissibly vague. *Meyrowitz,* 2018 U.S. Dist. LEXIS 157968, at *6. It is unclear how Mr. Sheskin's efforts differed, if at all, from his subsequent entries for reviewing Defendants' discovery production. Needlessly redundant efforts are not compensable. *Godoy,* 565 F. Supp. 2d at 1348. |
| 1/10/2022 | JHS | 1.2 | $480 | Review the answers to our request for admissions, color code, highlight, strategies with GED. | This entry constitutes improper block billing. *Moussa,* 2022 U.S. Dist. LEXIS 40789, at *10. Further, courts routinely find that internal conferences to keep involved attorneys apprised of a case's status or current strategy are not compensable. *See Korman,* 2019 U.S. Dist. LEXIS 59185, at *10-11; *see also Skanska,* 2021 U.S. Dist. LEXIS 218507, at *40. |

| | | | | | The entry also lacks sufficient detail to establish whether the work performance was merely non-compensable, clerical tasks. *Oreilly*, 2018 U.S. Dist. LEXIS 212053, at *4. |
|---|---|---|---|---|---|
| | GED | 1.5 | $262.50 | Case analysis on objections and issues presented from responses to Request for Admissions on conferral letter. | It is unclear how Mr. Dahdal's efforts differed, if at all, from his identical subsequent entry for the same task. Needlessly redundant efforts are not compensable. *Godoy, 565 F. Supp. 2d at 1348.* |
| 1/11/2022 | GED | 2 | $350 | Case analysis on objections and issues presented from responses to Request for Admissions on conferral letter. | It is unclear how Mr. Dahdal's efforts differed, if at all, from his earlier entry for the same task. Needlessly redundant efforts are not compensable. *Godoy, 565 F. Supp. 2d at 1348.* |
| | JHS | .6 | $240 | Review, take notes, look up cases for future review, for the defendants answers to RFP with GED. | This entry constitutes impermissible block billing. *Moussa*, 2022 U.S. Dist. LEXIS 40789, at *10. The entry also lacks sufficient detail to establish whether the work performed was merely non-compensable, clerical tasks. *Oreilly*, 2018 U.S. Dist. LEXIS 212053, at *4. |
| 1/12/2022 | JHS | 2.3 | $920 | Review and Analyze, Antonio Ramos' time records and application materials turned over in discovery, color code, add notes, add bookmarks in file, organize for | This entry constitutes impermissible block billing. *Moussa*, 2022 U.S. Dist. LEXIS 40789, at *10. The entry also lacks sufficient detail to establish whether the work performed was merely non- |

| | | | | | |
|---|---|---|---|---|---|
| | | | | subsequent use, within the pdf, by separating out what I need most. | compensable, clerical tasks. *Oreilly*, 2018 U.S. Dist. LEXIS 212053, at *4. |
| | GED | .8 | $140 | Case analysis regarding publicly accessible information and whether such information is discoverable. | |
| | GED | .6 | $105 | Meeting and Analysis of Defendant's responses to interrogatories with Mr. Sheskin to determine objections to overrule and strategy for compelling discovery. | It is unclear how Mr. Dahdal's efforts differed, if at all, from the same identical entry submitted by Mr. Sheskin on the same date. Needlessly redundant efforts are not compensable. *Godoy, 565 F. Supp. 2d at 1348.* Internal conferences are generally not compensable. *See Korman,* 2019 U.S. Dist. LEXIS 59185, at *10-11; *see also Skanska,* 2021 U.S. Dist. LEXIS 218507, at *40. |
| | JHS | .6 | $240 | Review with GED the interrogatory answers and color code take, notes, and decide what is needing to be compelled, next step is to narrow all responses that need to be compelled into groups, to more easily address. | It is unclear how, if at all, Mr. Sheskin's efforts differed from his numerous other entries related to reviewing discovery, or Mr. Dahdal's identical entry for this same meeting. Needlessly redundant efforts are not compensable. *Godoy, 565 F. Supp. 2d at 1348.* |
| 1/12/2022 | JHS | 1.2 | $480 | Review and Analyze, discovery groups formed by George off of our color coded and fully notated versions we formed of the discovery, realize he has grouped them by opponent activity as far as | This entry is impermissibly vague and appears to constitute impermissible block billing. *Moussa,* 2022 U.S. Dist. LEXIS 40789, at *10. Further, it is unclear how, if at all, Mr. Sheskin's efforts differed from his numerous other entries related to |

| | | | | | |
|---|---|---|---|---|---|
| | | | | being evasive, violating rules, and feigning ignorance. Come up with own list of what we really need responses to, and how they fit in groups. | reviewing discovery. Needlessly redundant efforts are not compensable. *Godoy, 565 F. Supp. 2d at 1348.* |
| 1/13/2022 | JHS | .5 | $200 | Review discovery groups we made to determine what order to address things in, what to let slide, and what to allow to continue with GED, who had really good input on what the defendant is hiding, and grouping the conferral by their behavior, compared to the motion where we proceed against topics. I reviewed the discovery to amend GED's topic list from yesterday, so we extensively discussed the as mended list, and put things on and took things off. | This entry is impermissibly vague and appears to constitute impermissible block billing. *Moussa,* 2022 U.S. Dist. LEXIS 40789, at *10. Further, it is unclear how, if at all, Mr. Sheskin's efforts differed from his numerous other entries related to reviewing discovery. Needlessly redundant efforts are not compensable. *Godoy, 565 F. Supp. 2d at 1348.* |
| | JHS | 2.2 | $880 | Shepardize defendants' cases, read them, take notes, and take notes on shepardization results. | This entry is impermissibly vague and appears to constitute impermissible block billing. *Moussa,* 2022 U.S. Dist. LEXIS 40789, at *10. Further, spending in excess of two (2) hours to shepardize cases appears excessive, especially in light of the volume of time already billed for reviewing this same motion. Excessive, inflated or padded billing is not |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | permissible. *See, e.g., Godoy, 565 F. Supp. 2d at 1348.* |
| 1/14/2022 | JHS | 2.1 | $840 | | Draft of conferral letter for Chris and Peter on Discovery Issues. Continue to use the chart that George and I made grouping together areas of discovery, and write a very through and very complete conferral letter that is way too long and needs editing and focus, because it is all stuff that they did not do, or objected to, or did not produce, or played games with, but the Court will only have patience for so much, and their discovery is a series of non-answers. | Spending over four hours to prepare a letter (in combination with entry below and in Richardson) is excessive. Excessive, inflated or padded billing is not permissible. *See, e.g., Godoy, 565 F. Supp. 2d at 1348.* |
| 1/17/2022 | JHS | 1.3 | $520 | | Edit/Revise conferral letter for Chris and Peter on Discovery Issues. Cut down from nearly thirty pages, select areas for deleting where we could use the discovery, but there are bigger fish to fry. Compare the letter to the highlighted topic area grouped list we have to determine if all highly relevant and necessary areas are covered. | Spending over four hours to prepare a letter is excessive. Excessive, inflated or padded billing is not permissible. *See, e.g., Godoy, 565 F. Supp. 2d at 1348.* |

| | | | | | |
|---|---|---|---|---|---|
| | GED | .2 | $35 | Edit conferral letter to opposing counsel for JHS and JMB final review re Defendant's responses to Plaintiff's Discovery. | This entry is impermissibly vague and appears to constitute impermissible block billing. *Moussa*, 2022 U.S. Dist. LEXIS 40789, at *10. Further, it is unclear how, if at all, Mr. Dahdal's efforts differed from Mr. Sheskin's numerous entries related to this letter. Needlessly redundant efforts are not compensable. *Godoy*, 565 F. Supp. 2d at 1348. |
| | JHS | 2/2 | $880 | Review production material and take notes, color code and record questions to ask about, and what to ask for more in production. | This entry is impermissibly vague and appears to constitute impermissible block billing. *Moussa*, 2022 U.S. Dist. LEXIS 40789, at *10. Further, it is unclear how, if at all, Mr. Sheskin's efforts differed from his numerous other entries related to reviewing discovery. Needlessly redundant efforts are not compensable. *Godoy*, 565 F. Supp. 2d at 1348. |
| 1/18/2022 | JMB | .4 | $140 | Review and revise conferral memo prepared by JHS. | |
| | JMB | .4 | $140 | Talk to JHS and GED about the production so far and get their impressions of issues like how we approach the fact that the job description produced says must reply in a half hour, and the Defendant denies same in answers to RFA | It is unclear how Mr. Bloom's efforts differed, if at all, from the same identical entries submitted by Mr. Sheskin and Mr. Dahdal, or why the involvement of three (3) attorneys was needed. Needlessly redundant efforts are not compensable. *Godoy*, 565 F. Supp. 2d at 1348. Internal conferences are generally not |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | compensable. *See Korman*, 2019 U.S. Dist. LEXIS 59185, at *10-11; *see also Skanska*, 2021 U.S. Dist. LEXIS 218507, at *40. |
| | JHS | .4 | $160 | Talk to Josh B. and GED about the production so far and get their impressions of issues like how we approach the fact that the job description produced says must reply in a half hour, and the Defendant denies same in answers to RFA | It is unclear how Mr. Sheskin's efforts differed, if at all, from the same identical entries submitted by Mr. Bloom and Mr. Dahdal, or why the involvement of three (3) attorneys was needed. Needlessly redundant efforts are not compensable. *Godoy, 565 F. Supp. 2d at 1348*. Internal conferences are generally not compensable. *See Korman*, 2019 U.S. Dist. LEXIS 59185, at *10-11; *see also Skanska*, 2021 U.S. Dist. LEXIS 218507, at *40. |
| 1/19/2022 | JHS | .7 | $280 | Meet with GED to discuss parts of the production and give him a few assignments on same. | Internal conferences are generally not compensable. *See Korman*, 2019 U.S. Dist. LEXIS 59185, at *10-11; *see also Skanska*, 2021 U.S. Dist. LEXIS 218507, at *40. |
| | GED | .7 | $122.50 | Meet with JMB to discuss parts of the production and obtained several assignments on same. | Internal conferences are generally not compensable. *See Korman*, 2019 U.S. Dist. LEXIS 59185, at *10-11; *see also Skanska*, 2021 U.S. Dist. LEXIS 218507, at *40. |
| 1/31/2022 | JHS | .8 | $320 | Meeting With GED on the Discovery Conferral that Opposing Counsel Sent Friday. Get topics ready for meeting with JMB who will also have stuff to include. We are formulating broad topic areas to | Internal conferences are generally not compensable. *See Korman*, 2019 U.S. Dist. LEXIS 59185, at *10-11; *see also Skanska*, 2021 U.S. Dist. LEXIS 218507, at *40. It is unclear why the involvement of two (2) attorneys was necessary to discuss a letter, |

| | | | | confer on. Then we will fill in details with JMB. | which all parties already billed for reviewing, or plan a future internal conference Mr. Bloom. |
|---|---|---|---|---|---|
| | JHS | .6 | $240 | Meeting with JMB and GED to review Defendants' conferral letter and prepare for meet and confer conference call with Defense counsel. | Needlessly redundant efforts are not compensable. *Godoy,* 565 F. Supp. 2d at *1348.* Further, internal conferences are generally not compensable. *See Korman,* 2019 U.S. Dist. LEXIS 59185, at *10-11; *see also Skanska,* 2021 U.S. Dist. LEXIS 218507, at *40. There is no indication that a meeting between three (3) attorneys was necessary to prepare for a routine discovery conferral call. |
| | GED | .8 | $140 | Strategy regarding conferral conference with opposing counsel on Defendant's responses to Plaintiff's first set of discovery. Outlined main points and concessions, as well as other issues to be resolved between the parties. | Needlessly redundant efforts are not compensable. *Godoy,* 565 F. Supp. 2d at 1348. Further, internal conferences are generally not compensable. *See Korman,* 2019 U.S. Dist. LEXIS 59185, at *10-11; *see also Skanska,* 2021 U.S. Dist. LEXIS 218507, at *40. There is no indication that a meeting between three (3) attorneys was necessary to prepare for a routine discovery conferral call. |
| | JMB | .6 | $310 | Meeting with JHS and GED to review Defendants' conferral letter and prepare for meet and confer conference call with Defense counsel. | Needlessly redundant efforts are not compensable. *Godoy,* 565 F. Supp. 2d at 1348. Further, internal conferences are generally not compensable. *See Korman,* 2019 U.S. Dist. LEXIS 59185, at *10-11; |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | *see also Skanska*, 2021 U.S. Dist. LEXIS 218507, at *40. There is no indication that a meeting between three (3) attorneys was necessary to prepare for a routine discovery conferral call. |
| 2/2/2022 | JHS | .2 | $80 | Meeting in advance of calling to confer | Needlessly redundant efforts are not compensable. *Godoy,* 565 F. Supp. 2d at 1348. Three (3) attorneys billing for the same preparation is unnecessary. Further, internal conferences are generally not compensable. *See Korman,* 2019 U.S. Dist. LEXIS 59185, at *10-11; *see also Skanska*, 2021 U.S. Dist. LEXIS 218507, at *40. |
| | JMB | .2 | $70 | Prepare for meeting RE discovery responses with Defense counsel. | Needlessly redundant efforts are not compensable. *Godoy, 565 F. Supp. 2d at 1348*. Three (3) attorneys billing for the same preparation is unnecessary. |
| | GED | .2 | $35 | Prepare and analyze for Meet and Confer with opposing counsel regarding defendants' responses to plaintiff's first discovery. | Needlessly redundant efforts are not compensable. *Godoy,* 565 F. Supp. 2d at 1348. Three (3) attorneys billing for the same preparation is unnecessary. |
| | GED | .6 | $105 | Analyzed any outstanding remaining issues for motion to compel better responses to Plaintiff's discovery in preparation for conferral email.. | This entry is impermissibly vague and appears to constitute impermissible block billing. *Moussa,* 2022 U.S. Dist. LEXIS 40789, at *10. Further, it is unclear how, if at all, Mr. Dahdal's efforts differed from his numerous other entries related to reviewing the subject motion. Needlessly |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | redundant efforts are not compensable. *Godoy,* 565 F. Supp. 2d at 1348. |
| 3/10/2022 | GED | .6 | $105 | Draft notice of taking deposition of FDI's corporate representative with revised areas of inquiry for JHS review to provide to opposing counsel according to his request. | This entry is unintelligibly vague. *Meyrowitz,* 2018 U.S. Dist. LEXIS 157968, at *6. It is unclear how, if at all, Mr. Dahdal's efforts differed from Mr. Sheskin's entries regarding this same deposition notice. Further, Defendants lack the requisite detail to determine whether this work was clerical. |
| | JMB | .2 | $70 | Review final notice of taking corporate rep depo to provide to opposing counsel. | This entry is unintelligibly vague. *Meyrowitz,* 2018 U.S. Dist. LEXIS 157968, at *6. Without further detail, Defendants cannot assess whether this entry reflects work that was clerical in nature or redundant of other efforts, both of which, as noted above, should be reduced. |
| 3/13/2022 | JHS | 3.1 | $1,240 | Review and analyze discovery production first 350 pages for depos, take notes, make flags, and bookmarks, start writing questions. | This entry is impermissibly vague and appears to constitute impermissible block billing. *Moussa,* 2022 U.S. Dist. LEXIS 40789, at *10. Further, it is unclear how, if at all, Mr. Sheskin's efforts differed from his numerous other entries related to document reviews and deposition preparation. Needlessly redundant efforts are not compensable. *Godoy,* 565 F. Supp. 2d at 1348. |

| | | | | | |
|---|---|---|---|---|---|
| 3/22/2022 | JHS | .3 | $120 | Meeting with George Dahdal to split up tasks for the purpose of being prepared for depositions. Assigned first tasks, will be other tasks and meetings. | Needlessly redundant efforts are not compensable. *Godoy,* 565 F. Supp. 2d at 1348. Further, internal conferences are generally not compensable. *See Korman,* 2019 U.S. Dist. LEXIS 59185, at *10-11; *see also Skanska,* 2021 U.S. Dist. LEXIS 218507, at *40. |
| | GED | .3 | $52.50 | Meeting with JHS to split up tasks for the purpose of being prepared for depositions.  Discussed first tasks, will be other tasks and meetings. | Needlessly redundant efforts are not compensable. *Godoy, 565 F. Supp. 2d at 1348.* Further, internal conferences are generally not compensable. *See Korman,* 2019 U.S. Dist. LEXIS 59185, at *10-11; *see also Skanska,* 2021 U.S. Dist. LEXIS 218507, at *40. |
| 3/23/2022 | GED | .5 | $87.50 | Researched deposition list and outside sources for possible terminated deponent from FDI to subpoena. | Clerical work is not compensable. |
| 3/28/2022 | JHS | 1.3 | $520 | Start to Review and analyze SOC and Discovery to come to a number for a demand, which the other side has requested. | It is also unclear why it would take hours to come up with a demand. |
| 3/29/2022 | JHS | 1.6 | $640 | Finish Review and analyze SOC and Discovery to come to a number for a demand, which the other side has requested. Now we need to break it down for each client, fairly, which I believe I have figure out | It is also unclear why it would take hours to come up with a demand. |

37

| | | | | |
|---|---|---|---|---|
| | | | how to do, but will have George and I do it together to check the veracity of my computations, and to add anything he thinks, we need to add, to the equation. Long review of possibilities of win and loss, as a basis for this, and accounting discounts in for the fact that I am not sure we will prevail on the retaliation claim. Plus had to reference our billing records to decide what to ask for. | |
| JHS | .6 | $240 | Reviewed and analyzed settlement amount calculation to determine highest and lowest amount for settlement, fees, costs, and settlement authority. Divided by client, do calculations | It is also unclear why it would take hours to come up with a demand. This entry appears to be math, which is clerical. |
| GED | .3 | $52.50 | Revised demand letter for settlement to opposing counsel to ensure proper formatting and grammar for finalization to opposing counsel. | Clerical tasks, such as formatting and spell-checking, are not compensable. |
| JMB | .4 | $140 | Revisions to draft demand letter. | This entry is impermissibly vague. *Meyrowitz*, 2018 U.S. Dist. LEXIS 157968, at *6. Further, it is unclear how, if at all, Mr. Bloom's efforts in revising differed from Mr. Dahdal's entry for |

| | | | | | revising the same document. Needlessly redundant efforts are not compensable. *Godoy,* 565 F. Supp. 2d at 1348. |
|---|---|---|---|---|---|
| 4/4/2022 | JHS | 1.5 | $600 | Draft practice questions for Thursday's deposition prep. | |
| 4/6/2022 | JHS | 1.8 | $720 | Draft Deposition preparation sheet, charging to this and other case, half and half. | This entry is impermissibly vague. *Meyrowitz,* 2018 U.S. Dist. LEXIS 157968, at *6. Further, it is unclear how, if at all, Mr. Sheskin's efforts differed from his numerous other entries related to deposition preparation. Needlessly redundant efforts are not compensable. *Godoy,* 565 F. Supp. 2d at 1348. |
| | JHS | .2 | $80 | Send letter to everyone reminding them of the Thursday prep session. | "[F]ees incurred in commission of non-legal or administrative tasks are not compensable." *Oreilly,* 2018 U.S. Dist. LEXIS 212053, at *4. |
| 4/11/2022 | JHS | 1.4 | $560 | Preparation for depositions by re-reading the discovery responses, and marking them up so I can ask whoever signs them the right questions, about what seems to be conflicting information between the production and the interrogatory responses, and outline depo questions on interrogatories while marking them up. | This entry is impermissibly vague and appears to constitute impermissible block billing. *Moussa,* 2022 U.S. Dist. LEXIS 40789, at *10. Further, it is unclear how, if at all, Mr. Sheskin's efforts differed from his numerous other entries related to deposition preparation. Needlessly redundant efforts are not compensable. *Godoy,* 565 F. Supp. 2d at 1348. |

| 4/12/2022 | JHS | 1.2 | $480 | Preparation for depositions, Prepare preliminary Laura Porter topic list. | This entry is impermissibly vague and appears to constitute impermissible block billing. *Moussa,* 2022 U.S. Dist. LEXIS 40789, at *10. Further, it is unclear how, if at all, Mr. Sheskin's efforts differed from his numerous other entries related to preparation for Ms. Porter's deposition. Needlessly redundant efforts are not compensable. *Godoy,* 565 F. Supp. 2d at 1348. |
| --- | --- | --- | --- | --- | --- |
| | JHS | .7 | $280 | Preparation for depositions, Prepare preliminary Laura Porter topic list. | This entry is impermissibly vague and appears to constitute impermissible block billing. *Moussa,* 2022 U.S. Dist. LEXIS 40789, at *10. Further, it is unclear how, if at all, Mr. Sheskin's efforts differed from his numerous other entries related to preparation for Ms. Porter's deposition. Needlessly redundant efforts are not compensable. *Godoy,* 565 F. Supp. 2d at 1348. |
| 4/15/2022 | JHS | 2.7 | $1,080 | Preparation for depositions prepare on weaknesses of all Plaintiffs, and outline them so that I can ask about them specifically. | This entry is impermissibly vague and appears to constitute impermissible block billing. *Moussa,* 2022 U.S. Dist. LEXIS 40789, at *10. Further, it is unclear how, if at all, Mr. Sheskin's efforts differed from his numerous other entries related to deposition preparation. Needlessly |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | redundant efforts are not compensable. *Godoy,* 565 F. Supp. 2d at 1348. |
| 4/19/2022 | JHS | .8 | $320 | Reviewed and analyzed Defendant's objections to corporate rep areas of inquiry. | It is unclear how, if at all, Mr. Sheskin's efforts differed from Mr. Dahdal's identical entry or why the involvement of two (2) attorneys was necessary. Needlessly redundant efforts are not compensable. *Godoy,* 565 F. Supp. 2d at 1348. |
| | GED | .6 | $105 | Reviewed and analyzed Defendant's objections to corporate rep areas of inquiry. | It is unclear how, if at all, Mr. Dahdal's efforts differed from Mr. Sheskin's identical entry or why the involvement of two (2) attorneys was necessary. Needlessly redundant efforts are not compensable. *Godoy,* 565 F. Supp. 2d at 1348. |
| | JHS | 2.1 | $840 | Preparation for deposition of Laura Porter, by tearing apart discovery, and looking for information that will lead to her being an employer, as that term is defined by the FLSA, and by looking for any way that would link her to the on-call system, while working preliminary outline of deposition of Laura Porter as corporate rep. So adding many questions on the company and general operating procedures. | This entry is impermissibly vague and appears to constitute impermissible block billing. *Moussa,* 2022 U.S. Dist. LEXIS 40789, at *10. Further, this appears to be a re-review of documents. Needlessly redundant efforts are not compensable. *Godoy,* 565 F. Supp. 2d at 1348. |

41

| 4/20/2022 | JHS | 3.7 | $1,480 | Preparation for depositions by refining, and completing, corp. rep. questions for Laura Porter. | This entry is impermissibly vague and appears to constitute impermissible block billing. *Moussa,* 2022 U.S. Dist. LEXIS 40789, at *10. Further, it is unclear how, if at all, Mr. Sheskin's efforts differed from his numerous other entries related to preparation for Ms. Porter's deposition. Needlessly redundant efforts are not compensable. *Godoy,* 565 F. Supp. 2d at 1348. |
| :---: | :---: | :---: | :---: | --- | --- |
| 4/24/2022 | JHS | 4.1 | $1,640 | Preparation for depositions by completing, corp. rep. questions for Laura Porter. | |
| 4/27/2022 | JHS | 2.5 | $1,000 | Preparation of the Deposition of Laura Porter, created summary judgment checklist, created outline for deposition, and revised all questions for the deposition of Laura Porter with GED in preparation for tomorrow's deposition. | |
| 4/28/2022 | JHS | 1.2 | $480 | Deposition of Laura Porter | Needlessly redundant efforts are not compensable. *Godoy,* 565 F. Supp. 2d at 1348.The attendance of two (2) attorneys at a deposition is redundant and unnecessary. |

| | | | | | |
|---|---|---|---|---|---|
| | GED | 1.2 | $210 | Attended deposition of Laura Porter. | Needlessly redundant efforts are not compensable. *Godoy,* 565 F. Supp. 2d at 1348.The attendance of two (2) attorneys at a deposition is redundant and unnecessary. |
| | JHS | 2.5 | $1,000 | Preparation for deposition tomorrow, based on new defense we learned today, including almost all night cram session with GED | This entry is entirely duplicative of Mr. Sheskin's subsequent entry on this same date for the same tasks. |
| | JHS | 2.5 | $1,000 | Preparation for deposition tomorrow, based on new defense we learned today, including almost all night cram session with GED | This entry is entirely duplicative of Mr. Sheskin's earlier entry on this same date for the same tasks. |
| 4/29/2022 | JHS | 1.9 | $760 | Deposition of John Matthews | Needlessly redundant efforts are not compensable. *Godoy,* 565 F. Supp. 2d at 1348. The attendance of two (2) attorneys at a non-party deposition is redundant and unnecessary. |
| | GED | 1.9 | $332.50 | Deposition of John Matthews | Needlessly redundant efforts are not compensable. *Godoy,* 565 F. Supp. 2d at 1348. The attendance of two (2) attorneys at a non-party deposition is redundant and unnecessary. |
| 5/2/2022 | JHS | .5 | $200 | Draft and file notice of mediator selection after conferring with OC on it being Marlene as the mediator. | "[F]ees incurred in commission of non-legal or administrative tasks are not compensable." *Oreilly,* 2018 U.S. Dist. LEXIS 212053, at *4. Filing is recognized |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | as constituting non-compensable, clerical work. *Munoz v. Kobi Karp Arch. & Interior*, 2010 WL 2243795, at *6 (S.D. Fla. May 13, 2010). |
| 5/4/2022 | JP | .3 | $37.50 | Telephone conference with Mediator's office requesting available dates for mediation. Draft email to clients with proposed dates. Memo to J. Sheskin re same. | "[F]ees incurred in commission of non-legal or administrative tasks are not compensable." *Oreilly,* 2018 U.S. Dist. LEXIS 212053, at *4. |
| | JMB | .3 | $105 | Attention to mediation scheduling. | "[F]ees incurred in commission of non-legal or administrative tasks are not compensable." *Oreilly,* 2018 U.S. Dist. LEXIS 212053, at *4. |
| 5/5/2022 | JP | .1 | $12.50 | Draft email to opposing counsel with proposed dates for mediation. | "[F]ees incurred in commission of non-legal or administrative tasks are not compensable." *Oreilly,* 2018 U.S. Dist. LEXIS 212053, at *4. |
| 5/7/2022 | JHS | 2.1 | $840 | Preparation for HR Deposition and duces tecum documents we are hoping they bring, since last time duces tecum documents were not produced. Twenty three areas of inquiry added to date, along with supporting questions. Continued from preparation last month. | This entry is unintelligibly vague and constitutes impermissible block billing. *Moussa,* 2022 U.S. Dist. LEXIS 40789, at *10. |
| 5/9/2022 | JHS | .1 | $40 | Email Chris about deposition dates. | "[F]ees incurred in commission of non-legal or administrative tasks are not |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | compensable." *Oreilly,* 2018 U.S. Dist. LEXIS 212053, at *4. |
| 5/12/2022 | JHS | 1.7 | $680 | Preparation for deposition of Sandra Barnes, write questions based on the discipline and complaints, we knew took place, but we need her to testify too, like other people getting written up for various reasons related to not responding to a bridge. | |
| 5/13/2022 | GED | .3 | $52.50 | Draft notice of deposition of Eric Obel. | "[F]ees incurred in commission of non-legal or administrative tasks are not compensable." *Oreilly,* 2018 U.S. Dist. LEXIS 212053, at *4. |
| | GED | .3 | $52.50 | Draft notice of deposition of Daniel Porter. | "[F]ees incurred in commission of non-legal or administrative tasks are not compensable." *Oreilly,* 2018 U.S. Dist. LEXIS 212053, at *4. |
| | JHS | .1 | $40 | Edit/ review notice of deposition of Eric Obel. | Needlessly redundant efforts are not compensable. *Godoy,* 565 F. Supp. 2d at 1348. It is unclear how, if at all, Mr. Sheskin's efforts differed from Mr. Dahdal. "[F]ees incurred in commission of non-legal or administrative tasks are not compensable." *Oreilly,* 2018 U.S. Dist. LEXIS 212053, at *4. |

| | JHS | .1 | $40 | Edit/ review notice of deposition of Daniel Porter. | Needlessly redundant efforts are not compensable. *Godoy,* 565 F. Supp. 2d at 1348.. It is unclear how, if at all, Mr. Sheskin's efforts differed from Mr. Dahdal. "[F]ees incurred in commission of non-legal or administrative tasks are not compensable." *Oreilly,* 2018 U.S. Dist. LEXIS 212053, at *4. |
|---|---|---|---|---|---|
| | JHS | .5 | $200 | Talk to GED about how to modify the deposition notices, and what the strategy is for preparation of preparation sessions, for client depos. | Needlessly redundant efforts are not compensable. *Godoy,* 565 F. Supp. 2d at 1348. Further, internal conferences are generally not compensable. *See Korman,* 2019 U.S. Dist. LEXIS 59185, at *10-11; *see also Skanska,* 2021 U.S. Dist. LEXIS 218507, at *40. "[F]ees incurred in commission of non-legal or administrative tasks are not compensable." *Oreilly,* 2018 U.S. Dist. LEXIS 212053, at *4. |
| 5/15/2022 | JHS | 2.1 | $840 | Preparation to prepare our guys for deposition, they are given a lot of materials, from me, and from everyone, giving them work product documents which will help them in the deposition. This preparation produced one such document, which is three pages single spaced, and tells the clients how to handle the defenses. | |

| 5/16/2022 | JHS | 2.8 | $1,120 | Preparation off of George's practice questions for clients, edit them, and add to them, and get them ready to be asked in an order that will throw off clients | |